# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Phillip Hayes,**

        **Plaintiff,**

**v.**                                                                **Case No. 13-2322-JWL**

**Unified Government of Wyandotte**
**County, Kansas,**

        **Defendant.**

## MEMORANDUM & ORDER

On December 12, 2013, defendant Unified Government of Wyandotte County, Kansas filed a motion to dismiss plaintiff's complaint for lack of jurisdiction. Plaintiff did not file a response to the motion to dismiss within the time period provided in Local Rule 6.1(e)(2). Thus, the court could have considered and decided the motion as an uncontested motion and could have granted the motion without further notice to plaintiff. *See* D. Kan. R. 7.4. Nonetheless, in an abundance of caution, the court issued an order directing plaintiff to show good cause in writing to the court, on or before January 13, 2014, why he failed to respond to the motion to dismiss in a timely fashion. The court further directed plaintiff to respond to the motion to dismiss on or before January 13, 2014.

On January 13, 2014, plaintiff filed a response to the motion to dismiss but did not file (and has never filed) a response to the show cause order explaining to the court why the initial response deadline passed without a response from plaintiff. Plaintiff, then, has not shown good cause for his failure to respond to the motion in a timely fashion and the court is entitled to

consider and decide the motion as uncontested.  Nonetheless, in the interests of justice, the court excuses plaintiff's failure to respond to the show cause order with the admonition that plaintiff's counsel must comply with all future orders of the court.  Noncompliance with future orders may result in the dismissal of this case or other appropriate sanctions.

The court turns to the merits of the motion to dismiss.  The Unified Government initially moved to dismiss because it had not been served with the amended complaint and, with respect to plaintiff's Title VII claim, because plaintiff had neither requested nor received a notice of right-to-sue from the EEOC.   In response, plaintiff concedes that the Unified Government has not been served but asserts that counsel is taking actions to effectuate service of process. Indeed, the docket indicates that a summons has been issued as to the Unified Government and that the summons was e-mailed to plaintiff's counsel for service.  Plaintiff further indicates that he sufficiently alleged in his amended complaint that he had exhausted his administrative remedies.  He specifically alleges in his amended complaint that he received his notice of right-to-sue on April 4, 2013.

In reply, the Unified Government concedes that its motion should be denied at this juncture.  With respect to the exhaustion issue, the Unified Government does not dispute the factual allegations of the amended complaint for purposes of its motion.  With respect to the service issue, the Unified Government indicates that it will alert the court if plaintiff does not effectuate service and will otherwise file an Answer accordingly.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss (doc. 19) is **denied**.

**IT IS SO ORDERED.**

Dated this 21st day of January, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge